IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| BARBARA CLOWDEN, | : | |
| Plaintiff | : | |
|  | : | CIVIL ACTION |
| v. | : |  |
|  | : | NO. 08-5221 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants | : | |
|  | : | |

March __16_, 2010                                                                                          Anita B. Brody, J.

## MEMORANDUM

Plaintiff Barbara Clowden ("Clowden") brings this § 1983 action on behalf of her deceased son, Eric Hayes ("Hayes"), who was murdered after participating in the Philadelphia District Attorney's Office's Witness Relocation Program. Defendants move for summary judgment, arguing that they had no affirmative duty to protect Hayes. For the reasons that follow, I will grant Defendants' Motions for Summary Judgment.

**I. BACKGROUND**[1]

In November 2005, sixteen year-old Hayes witnessed an attempted arson at his family's residence in Southwest Philadelphia. Alexander Wade ("Wade") was arrested by the Philadelphia Police Department and charged with the attempted arson. After Hayes agreed to

---

[1] For purposes of summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (internal quotations omitted). Here, Plaintiff has adopted the facts as set forth in Defendants' Motions for Summary Judgment.

testify on behalf of the Commonwealth of Pennsylvania against Wade, Hayes began receiving threats concerning his testimony. To protect her son and her family, Clowden sought help from the Philadelphia District Attorney's Office and, in January 2006, entered into the Witness Relocation Program ("WRP"). Pursuant to a written agreement, the WRP provided Clowden and her three children, including Hayes, with funds for housing and food at a hotel outside of Philadelphia for four months. Plaintiff agreed to the terms of the agreement, including the four month limitation.

From January 2006 through May 13, 2006, Plaintiff and her family received funding from the WRP and resided at a hotel outside of Philadelphia. In May 2006, after the four month period expired, the District Attorney's Office referred Clowden to the City of Philadelphia's Office of Emergency Shelter Services ("OESS"), which assists citizens in need of emergency housing in the City of Philadelphia. The OESS located two rooms for Clowden and her family to stay in at a different hotel, where the family remained until November 2, 2006, when they moved into permanent housing in Northeast Philadelphia.

On November 22, 2006, Hayes was shot in the head. Hayes ultimately passed away from the gunshot wounds, but the investigation into Hayes' murder remains open and unsolved. Plaintiff brings this § 1983 action alleging that Defendants City of Philadelphia ("City") and the Philadelphia District Attorney's Office violated Hayes' constitutional right to be secure in his person.[2] Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1331.

---

[2] The Amended Complaint also alleges civil rights violations against individual defendants, OESS, and the Philadelphia Police Department (Count I and portions of Count II) and various claims under state law (Counts III, IV, V, VI, and VII). In her Response to Defendants' Motions for Summary Judgment, Plaintiff withdraws these claims.

**II. LEGAL STANDARD**

Summary judgment will be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is a "genuine" issue of material fact if the evidence would permit a reasonable jury to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The "mere existence of a scintilla of evidence" is insufficient. Id. at 252.

The moving party must make an initial showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-movant must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In determining whether the non-moving party has established each element of its case, the court must draw all reasonable inferences in the non-moving party's favor. Id. at 587.

**III. DISCUSSION**

The federal law is clear: the Constitution confers no affirmative right to government aid unless there is a "special relationship" or a "state-created danger." See Zi Z. Ye v. United States, 484 F.3d 634, 636-37 (3d Cir. 2007). Plaintiff plausibly alleges two state-created dangers: (1) that the City created a danger by subpoenaing Hayes as a witness in the case against Wade and (2) that the City rendered Hayes more vulnerable to danger when it decided to terminate WRP protection after four months.

To show a state-created danger, a plaintiff must prove:

(1) the harm ultimately caused was foreseeable and fairly direct;
(2) a state actor acted with a degree of culpability that shocks the conscience;
(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
(4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Zi Z. Ye, 484 F.3d at 638. To satisfy the fourth element, a plaintiff must prove three additional facts:

(1) a state actor exercised his or her authority,
(2) the state actor took an affirmative action, and
(3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all.

Id. at 639.

Identifying and subpoenaing witnesses are necessary law enforcement tools that cannot be the basis of constitutional liability. Rivera v. Rhode Island, 402 F.3d 27, 37 (1st Cir. 2005) ("Every witness involved in a criminal investigation and issued a subpoena to testify in a criminal proceeding faces some risk, and the issuance of a subpoena cannot become the vehicle for a constitutional claim against a state."). Thus, Plaintiff cannot demonstrate a state-created danger simply because the District Attorney's Office required Hayes to testify against Wade.

Similarly, Plaintiff failed to demonstrate that the City's decision to remove Hayes from the WRP rendered Hayes "more vulnerable to danger than if the [City] had not acted at all." Zi Z. Ye, 484 F.3d at 639. Because there is no constitutional requirement that the state offer protection to potential witnesses, the City's decision to end its assistance to Clowden's family

after the agreed-upon timeframe of four months cannot yield a constitutional violation. See Rivera, 402 F.3d at 37-38 (finding that the police's unkept promises to protect a witness who was ultimately murdered were insufficient to demonstrate a constitutional violation).[3]

## IV. CONCLUSION

The Court recognizes that Clowden has suffered a profound and tragic loss, but the law is clear that Defendants' failure to protect Hayes does not amount to a constitutional violation. Therefore, I will grant Defendants' Motions for Summary Judgment.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

O:\ABB 2010\A - K\Clowden v. City of Philadelphia memorandum.wpd

---

[3] Plaintiff's claim also fails because Plaintiff provided no evidence that Wade, or one of his associates, was responsible for Hayes' murder. It is undisputed that the investigation into Hayes' murder is open and unsolved. Plaintiff failed to attach any evidence to her Response to Defendants' Motions for Summary Judgment and, at summary judgment, cannot rely solely on the allegations in the Amended Complaint. If Hayes' murder was unrelated to his participation in the WRP or the District Attorney's Office's prosecution of Wade, then Plaintiff has failed to demonstrate a causal connection between Defendants' actions and the ultimate harm. See Zi Z. Ye, 484 F.3d at 638 (plaintiff must show that "the harm ultimately caused was foreseeable and fairly direct").